MOSES MEYER v. A. SCHUYLER MONTGOMERY, JOSEPH B. CHAMPAGNE, AND KATHERINE HETZ.

[See 74 Mich. 359, 365.]

*Partnership—Agency—Logging contract—Recoupment.*

1. A provision in copartnership articles for the appointment of the husband of one of the partners as her agent, with like powers as she might exercise were the appointment not made, and that the husband shall devote his time and services to the business of the firm, in lieu of those of his wife, clothes him with the general authority of a partner.

2. In the absence of any express agreement, a logging contractor is not liable for costs incurred by the log-owners in defending against an illegal claim of a lien under the log-lien act.

Error to Muskegon. (Dickerman, J.) Argued June 10, 1891. Decided July 28, 1891.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*DeLong & O'Hara*, for appellants, cited no authorities.

*Turner, Turner & Turner*, for plaintiff, contended for the doctrine of the opinion.

McGRATH, J. Defendants were copartners in the bus-

iness of purchasing timber lands, logs, and other forest products, and in the manufacture and sale of lumber, shingles, lath, etc.

Plaintiff claimed to have been employed by Jacob Hetz, the husband of the defendant Katherine Hetz, on behalf of the firm, in the fall of 1887, in hauling logs, cutting roads, making skidways, and skidding logs; that Hetz represented that these logs belonged to, and that the work was done for, defendants. Plaintiff claimed that the work done, at prices agreed upon, amounted to $1,175; that he had been paid by defendants about $500; that he had allowed for teams furnished to him by defendants for said work the sum of $400; and judgment was rendered for him for $326.28, being about the balance, with interest.

The defendants claimed that certain of this work for which plaintiff had charged was done for Hetz individually, and not for the firm; that the firm had employed plaintiff to do certain, work, but part of which had been done, and that they were entitled to recoup for damages sustained by reason of the non-performance of the work left undone; that defendants were entitled to a credit for over $500 for the teams furnished by them to plaintiff; that, during the progress of the work by plaintiff, several suits were commenced against plaintiff, by persons claiming labor liens, and defendants' logs were attached, by reason whereof defendants were put to great expense in defending their property; that two of said suits were carried to this Court; and in all of said suits the defendants in the present case succeeded.

The record presents 21 assignments of error, 14 of which depend upon the single question of the authority of Jacob Hetz to act for defendants. If Hetz had authority to employ plaintiff, defendants were bound by the hiring, and plaintiff was not liable for damages for dis-

continuing work, when directed to do so by Hetz. This question was fairly submitted to the jury, but defendants contend that there was no testimony tending to establish his agency. Defendants' articles of copartnership were introduced, and contain the following provisions:

"The said Katherine Hetz is hereby authorized to appoint Jacob Hetz as her agent, who shall have and exercise, with reference to the business and affairs of said firm, powers which, by this article, the said Katherine Hetz might and could exercise were said appointment not made; and it is understood and agreed that said appointment shall be made, and that said Jacob Hetz shall devote his time and services to the business of said firm, in lieu of the time and services of said Katherine Hetz."

The articles contain certain restrictions upon the powers of the individual members, prohibiting certain transactions, but do not prohibit transactions of this nature. The firm paid to the plaintiff all of the moneys received by him in the course of the work, honored all the orders drawn upon them, and, through Hetz, furnished teams for the work. There was abundant testimony tending to establish the agency of Jacob Hetz; indeed, he was clothed by the articles with the general authority of a partner.

The court instructed the jury that defendants could not set off or recoup their expenses in defending the lien suits, if the failure of plaintiff to pay his men was due to the fault of defendants, or grew out of the fact that defendants failed to pay plaintiff. There was no error in this instruction. In the absence of any express agreement, plaintiff was not liable for costs incurred by defendants in defending their own property from a claim of lien made by a third party, to which such third party had no legal right.

Several errors are assigned upon exceptions taken to

the admission of testimony, but the rulings of the court were correct.

The judgment is affirmed, with costs.

The other Justices concurred.